# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### Tampa Division

| | |
|---|---|
| AMERILIFE HOLDINGS, LLC; NETWORK INSURANCE SENIOR HEALTH DIVISION ALG, LLC; AMERILIFE MARKETING GROUP, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as the Administrator for the Centers for Medicare and Medicaid Services; DEPARTMENT OF HEALTH AND HUMAN SERVICES; and XAVIER BECERRA, in his official capacity as the Secretary of Health and Human Services,<br><br>*Defendants.* | No. 8:24-cv-01305-TPB-UAM |

## NOTICE OF RELATED ACTION

Pursuant to Local Rule 1.07(c), Plaintiffs AmeriLife Holdings, LLC, Network Insurance Senior Health Division ALG, LLC, and AmeriLife Marketing Group, LLC (collectively, "AmeriLife") provide notice of two arguably related actions pending in the Northern District of Texas: *Americans for Beneficiary Choice, et al. v. U.S. Dep't of Health and Human Servs., et al.*, No. 4:24-cv-439-O (N.D. Tex.), and *Council for Medicare Choice, et al. v. U.S. Dep't of Health and Human Services, et al.*, No. 4:24-cv-446-O (N.D. Tex.).

1

The instant case and the other two cases challenge the same agency rulemaking, *Changes to the Medicare Advantage and the Medicare Prescription Drug Benefit Program for Contract Year 2024*, 89 Fed. Reg. 30,448 (Apr. 23, 2024).  However, as explained in the memorandum of points and authorities filed in support of AmeriLife's motion for a preliminary injunction, Doc. 16, at 12, the other two actions primarily seek to vacate major swaths of the Rule as wholly "invalid."  For example, the plaintiffs in *Council for Medicare Choice* challenge Defendants' "authority to dictate the rates [Medicare Advantage carrier] plans pay firms, agents, or brokers."  Br. in Supp. of Mot. for Prelim. Inj. 10, *Council for Medicare Choice, et al. v. U.S. Dep't of Health and Human Services, et al.*, No.: 4:24-cv-446-O (N.D. Tex. May 21, 2024), ECF No. 20.

The instant action, by contrast, does not seek to invalidate or enjoin the main thrust of the Rule in setting the rate for total payments from carriers *to agents and brokers*.  Rather, AmeriLife's complaint and preliminary injunction motion simply seek to ensure that the Rule does not extend to payments from carriers *to Field Marketing Organizations* that are not passed on to agents and brokers.  A declaration that the Rule does not govern such payments, or an injunction preventing Defendants from implementing or enforcing the Rule with respect to such payments, would resolve this case.

2

Dated: May 31, 2024

Respectfully submitted,

*/s/ Joseph W. Swanson*
Joseph W. Swanson
Florida Bar No. 29618
FOLEY & LARDNER LLP
100 N. Tampa St., Suite 2700
Tampa, FL 33602-5810
Telephone: (813) 225-4161
Facsimile: (813) 221-4210
Email: joe.swanson@foley.com
Secondary Email: dmills@foley.com


Pratik A. Shah
   (*special admission pending*)
Kelly M. Cleary
   (*special admission pending*)
James E. Tysse
   (*special admission pending*)
Lide E. Paterno
   (*special admission pending*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
pshah@akingump.com
kcleary@akingump.com
jtysse@akingump.com
lpaterno@akingump.com


*Counsel to Plaintiffs AmeriLife Holdings, LLC, Network Insurance Senior Health Division ALG, LLC, and AmeriLife Marketing Group, LLC*

3