# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Tampa Division

AMERILIFE HOLDINGS, LLC, et al.,

        *Plaintiffs,*

v.

CENTERS FOR MEDICARE AND MEDICAID SERVICES, et al.,

        *Defendants.*

No. 8:24-cv-01305-TPB-UAM

## JOINT STATUS REPORT

Pursuant to the Court's July 9, 2024 order staying this action and directing the parties to file a joint report every 90 days, Doc. No. 44, Plaintiffs and Defendants hereby submit this status report advising that the stay should continue.

1. Plaintiffs commenced this action on May 29, 2024, to challenge certain applications of a Final Rule concerning agent-and-broker compensation incentives for Medicare Advantage Plans and Medicare Prescription Drug Benefit Plans. Doc. No. 1; *see Changes to the Medicare Advantage and the Medicare Prescription Drug Benefit Program for Contract Year 2024*, 89 Fed. Reg. 30,448 (Apr. 23, 2024). Specifically, Plaintiffs seek either (i) a declaration that the Final Rule does not govern payments from carriers to Field Marketing Organizations that are not passed on to agents and brokers, or (ii) an injunction preventing Defendants from implementing or enforcing the Rule with respect to such payments.

2. On May 31, 2024, Plaintiffs filed a motion for a preliminary injunction with respect to that specific application of the Final Rule. Doc. No. 16. That motion is fully briefed.

3. This case is related to two consolidated actions that are pending in the U.S. District Court for the Northern District of Texas: *Americans for Beneficiary Choice, et al. v. U.S. Dep't of Health and Human Servs., et al.*, No. 4:24-cv-439-O (N.D. Tex.), and *Council for Medicare Choice, et al. v. U.S. Dep't of Health and Human Services, et al.*, No. 4:24-cv-446-O (N.D. Tex.). *See* Doc. Nos. 18, 42 (notices of related actions). The instant case and the Texas cases challenge the same agency rulemaking. The plaintiffs in the Texas cases seek broader relief—*i.e.*, vacatur of parts of the Rule—that would encompass the narrower relief requested by Plaintiffs here.

4. On July 3, 2024, the U.S. District Court for the Northern District of Texas issued a memorandum opinion and order in the consolidated Texas cases staying the effective date of all portions of the Final Rule that Plaintiffs challenge in the instant case—"specifically, those amending 42 C.F.R. § 422.2274(a), (c), (d), (e), and § 423.2274(a), (c), (d), (e)"—during the pendency of the Texas cases, including "any appeal." Doc. No. 43, Ex. A, at 17. The stay in that case extends beyond the parties to the Texas cases, including Plaintiffs here. *Id.* at 16-17.

5. On July 8, 2024, Plaintiffs and Defendants filed a joint motion to hold this case in abeyance pending further resolution of the related Texas cases, including any appeal of the July 3 order in those cases, because Plaintiffs in this

case seek a subset of the relief that the U.S. District Court for the Northern District of Texas had granted universally. Doc. No. 43. Plaintiffs and Defendants explained that pausing this litigation unless and until the order entered in the Texas cases is stayed, vacated, or reversed would preserve judicial and party resources. *Id.* at 3.

6. On July 9, 2024, the Court granted the motion. Doc. No. 44. The Court stayed the action, directed the Clerk to administratively close the case, and directed the parties to "file a joint report every 90 days concerning the status of the related litigation pending in the United States District Court for the Northern District of Texas (including any appeals) and advising whether the stay in this case should continue." *Id.*

7. The related litigation in the consolidated Texas cases remains pending and the July 3 order entered by the United States District Court for the Northern District of Texas remains in effect. The defendants there elected not to appeal the district court's stay in that case. That court has entered a scheduling order by which cross-motions for summary judgment in the Texas actions will be fully briefed by January 24, 2025. The defendants in the consolidated Texas actions filed the administrative record on August 30, 2024; the plaintiffs filed motions for summary judgment on September 27, 2024; the defendants filed a response and cross-motion for summary judgment on November 8, 2024; the plaintiffs filed responses and replies on December 20, 2024; and the defendants' deadline to file a reply is January 24, 2025.

8. For the reasons explained previously, *see* Doc. Nos. 43, 45, the stay entered in this case should continue without prejudice to any party's right to move at a future date to seek relief from this Court.

| | |
|---|---|
| Dated: January 6, 2025 | Respectfully submitted, |

ROGER B. HANDBERG
United States Attorney

/s/  Carolyn B. Tapie
CAROLYN B. TAPIE
Assistant United States Attorney
USA No. 190
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6198
Email: Carolyn.B.Tapie@usdoj.gov

*Counsel for Defendants*

/s/  Pratik A. Shah
Pratik A. Shah (*admitted Pro Hac Vice*)
Kelly M. Cleary (*admitted Pro Hac Vice*)
James E. Tysse (*admitted Pro Hac Vice*)
Lide E. Paterno (*admitted Pro Hac Vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
pshah@akingump.com
kcleary@akingump.com
jtysse@akingump.com
lpaterno@akingump.com

Joseph W. Swanson
Florida Bar No. 29618
FOLEY & LARDNER LLP
100 N. Tampa St., Suite 2700
Tampa, FL 33602-5810
Telephone: (813) 225-4161
Facsimile: (813) 221-4210
Email: joe.swanson@foley.com
Secondary Email: dmills@foley.com

*Counsel to Plaintiffs AmeriLife Holdings, LLC, Network Insurance Senior Health Division ALG, LLC, and AmeriLife Marketing Group, LLC*