# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Tampa Division

| | |
|---|---|
| AMERILIFE HOLDINGS, LLC, et al., *Plaintiffs,* v. CENTERS FOR MEDICARE AND MEDICAID SERVICES, et al., *Defendants.* | No. 8:24-cv-01305-TPB-UAM |

## UNOPPOSED MOTION TO LIFT STAY FOR PURPOSE OF NOTICING DISMISSAL

Plaintiffs respectfully request that the Court lift the stay of this action entered on July 9, 2024, Doc. No. 44, so that the action may be dismissed without prejudice pursuant to the notice Plaintiffs are filing concurrently under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Defendants do not oppose the requested relief.

1. Plaintiffs commenced this action on May 29, 2024, to challenge certain applications of a Final Rule concerning agent-and-broker compensation incentives for Medicare Advantage Plans and Medicare Prescription Drug Benefit Plans. Doc. No. 1; *see Changes to the Medicare Advantage and the Medicare Prescription Drug Benefit Program for Contract Year 2024*, 89 Fed. Reg. 30,448 (Apr. 23, 2024). Specifically, Plaintiffs seek either (i) a declaration that the Final Rule does not govern payments from carriers to Field Marketing Organizations

1

that are not passed on to agents and brokers, or (ii) an injunction preventing Defendants from implementing or enforcing the Rule with respect to such payments.

2. On May 31, 2024, Plaintiffs filed a motion for a preliminary injunction with respect to that specific application of the Final Rule. Doc. No. 16. That motion is fully briefed.

3. This case is related to two consolidated actions in the U.S. District Court for the Northern District of Texas: *Americans for Beneficiary Choice, et al. v. U.S. Dep't of Health and Human Servs., et al.*, No. 4:24-cv-439-O (N.D. Tex.), and *Council for Medicare Choice, et al. v. U.S. Dep't of Health and Human Services, et al.*, No. 4:24-cv-446-O (N.D. Tex.). *See* Doc. Nos. 18, 42 (notices of related actions). The instant case challenges the same agency rulemaking that was challenged in the Texas cases. The plaintiffs in the Texas cases sought broader relief—*i.e.*, vacatur of parts of the Rule—that encompasses the narrower relief requested by Plaintiffs here.

4. On July 3, 2024, the U.S. District Court for the Northern District of Texas issued a memorandum opinion and order in the consolidated Texas cases staying the effective date of all portions of the Final Rule that Plaintiffs challenge in the instant case—"specifically, those amending 42 C.F.R. § 422.2274(a), (c), (d), (e), and § 423.2274(a), (c), (d), (e)"—during the pendency of the Texas cases, including "any appeal." Doc. No. 43, Ex. A, at 17. The stay in that case extended beyond the parties to the Texas cases, including Plaintiffs here. *Id.* at 16-17.

5. On July 8, 2024, Plaintiffs and Defendants filed a joint motion to hold this case in abeyance pending further resolution of the related Texas cases, including any appeal of the July 3, 2024 order in those cases, because Plaintiffs in this case seek a subset of the relief that the U.S. District Court for the Northern District of Texas had granted universally. Doc. No. 43. Plaintiffs and Defendants explained that pausing this litigation unless and until the order entered in the Texas cases is stayed, vacated, or reversed would preserve judicial and party resources. *Id.* at 3.

6. On July 9, 2024, the Court granted the motion. Doc. No. 44. The Court stayed the action, directed the Clerk to administratively close the case, and directed the parties to "file a joint report every 90 days concerning the status of the related litigation pending in the United States District Court for the Northern District of Texas (including any appeals) and advising whether the stay in this case should continue." *Id.*

7. On August 18, 2025, the United States District Court for the Northern District of Texas entered final judgment and vacated all portions of the Final Rule that Plaintiffs challenge in the instant case—"specifically, the provisions amending 42 C.F.R. § 422.2274(a), (c), (d), (e), and § 423.2274(a), (c), (d), (e)." *See* Doc No. 49, Ex. A, at 22 (Memorandum Opinion & Order); *see also* Doc. No. 49, Ex. B (Final Judgment). The deadline for the defendants to notice an appeal from the judgment in the Texas cases was October 17, 2025. *See* Doc. No. 49 ¶ 7. The defendants did not appeal from that judgment.

8. Because the portions of the Final Rule that Plaintiffs challenge in this case have been vacated in a final and now-unappealable judgment, Plaintiffs intend to dismiss this action without prejudice by filing a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).

\* \* \* \* \*

Accordingly, the stay should be lifted so that this action may be dismissed without prejudice pursuant to the notice Plaintiffs are filing concurrently under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

### Local Rule 3.01(g) Certificate

Counsel for Plaintiffs conferred with counsel for Defendants prior to filing this motion. Defendants do not oppose the requested relief.

Dated: October 27, 2025

Respectfully submitted,

/s/ Pratik A. Shah

| | |
|---|---|
| Joseph W. Swanson | Pratik A. Shah (*admitted Pro Hac Vice*) |
| Florida Bar No. 29618 | Kelly M. Cleary (*admitted Pro Hac Vice*) |
| FOLEY & LARDNER LLP | James E. Tysse (*admitted Pro Hac Vice*) |
| 100 N. Tampa St., Suite 2700 | Lide E. Paterno (*admitted Pro Hac Vice*) |
| Tampa, FL 33602-5810 | AKIN GUMP STRAUSS HAUER & FELD LLP |
| Telephone: (813) 225-4161 | 2001 K Street, N.W. |
| Facsimile: (813) 221-4210 | Washington, D.C. 20006 |
| Email: joe.swanson@foley.com | Telephone: (202) 887-4000 |
| Secondary Email: dmills@foley.com | Facsimile: (202) 887-4288 |
| | pshah@akingump.com |
| | kcleary@akingump.com |
| | jtysse@akingump.com |
| | lpaterno@akingump.com |

*Counsel to Plaintiffs AmeriLife Holdings, LLC, Network Insurance Senior Health Division ALG, LLC, and AmeriLife Marketing Group, LLC*